**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3578-18T3

JAMIL BROOKS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted June 3, 2020 – Decided June 22, 2020

Before Judges Gooden Brown and Mawla.

On appeal from the New Jersey Department of Corrections.

James S. Friedman, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Nicholas Falcone, Deputy Attorney General, on the brief).

PER CURIAM

Jamil Brooks, an inmate at Bayside State Prison, appeals from a March 20, 2019 final order of the New Jersey Department of Corrections (DOC) adjudicating him guilty of assault, *803/*002, and conduct which disrupts, *306. He received 180 days administrative segregation, 180 days loss of commutation credits, and fifteen days loss of recreation privileges. We affirm the finding on the infractions and vacate and remand the sanctions for reconsideration.

The essential facts, adduced before a hearing officer, were based on eyewitness testimony of the officers A. Mears[1] and R. Attenborough, and a video of the incident. According to Mears' testimony, he observed Brooks leaving a nearby cell, enter his own cell, and close the door behind him. Mears asked Brooks why he was loitering and for his prison identification. Brooks became aggressive, took a fighting stance, and lunged at Mears. Mears pepper sprayed Brooks in an effort to subdue him.

Attenborough saw the altercation over video and called a Code 33[2], and other officers arrived to assist Mears. In addition to Attenborough's testimony, the hearing officer reviewed a video of the incident.

---

[1] The record refers to the officers by first initial and last name.

[2] A Code 33 alerts DOC staff of an emergency within the prison and signals all available staff to respond to the emergent situation.

A-3578-18T3

Brooks did not confront or cross-examine any of the DOC's witnesses and produced no witnesses of his own. The hearing officer concluded Brooks was guilty of the offenses as charged. Brooks appealed and the assistant superintendent upheld the guilty adjudication and sanction.

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). The decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citation omitted).

Brooks argues the adjudication was not based on substantial evidence because the officers who responded arrived after the incident and did not see what happened. Brooks also argues a report filed after the incident conflicted with Mears' testimony because it said Mears saw Brooks leave the unauthorized cell whereas Mears stated he saw Brooks loitering outside the cells. Brooks argues the report also conflicted with Attenborough's testimony in that it stated Attenborough saw the encounter between Brooks and Mears, yet Attenborough's observations were after the fact and provided no details of the incident. Brooks notes the video of the incident has no sound and does not show the altercation.

Therefore, he argues Mears was the only witness with personal knowledge, which was not enough to support a guilty finding.

N.J.A.C. 10A:4-9.15(a) states an adjudication of an infraction must be supported by substantial evidence. "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 191-92 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

The evidence presented by the DOC was unrebutted, and Brooks already pled guilty to being in an unauthorized area. Mears' testimony that he saw Brooks in front of the wrong cell and about the ensuing altercation was corroborated by Attenborough, who stated he called the Code 33 because Brooks was combative and refused stop his aggressive conduct towards Mears. Taken together, these facts supported the assault finding.

Although the video of the incident was not provided to us, the DOC asserts it depicts Brooks being escorted from his cell by officers (a fact Brooks does not contest), which resulted in a delay in movement inside the prison. Therefore, the video combined with Attenborough's unrebutted testimony of the reasons why he called the Code 33 supported the guilty adjudication on the disruption charge.

Finally, the *803/*002 offenses are category "A" offenses, N.J.A.C. 10A:4-4.1(a)(1), and pursuant to N.J.A.C. 10A:4-5.1(g), require a sanction of administrative segregation of no less than 181 days and "any one or more of the following sanctions . . . 1. Loss of one or more correctional facility privileges up to [thirty] calendar days; 2. Loss of commutation time up to 365 calendar days . . . ." The sanction for the *306 offense is a category "B" offense, N.J.A.C. 10A:4-4.1(a)(2), and mandates a sanction of no more than 180 days administrative segregation in addition to any one or more of the sanctions enumerated in N.J.A.C. 10A:4-5.1(g).

We have repeatedly stated the DOC must provide an inmate with "individualized reasons for the specific sanctions imposed." Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 96-97 (App. Div. 2018); see also Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378-79 (App. Div. 2016). N.J.A.C. 10A:4-9.17(a) sets forth the individualized factors for imposing sanctions. The hearing officer's reasons for imposing the sanction were (1) Brooks maintained he did not commit the offense although evidence demonstrated he was guilty and (2) the "[s]anctions [would] deter any further attempts while incarcerated." However, this was an insufficient individualized explanation of how the sanctions were proportionate to Brooks and his offenses. We therefore vacate

and remand the sanctions for reconsideration and specific reasons for the sanctions pursuant to N.J.A.C. 10A:4-9.17(a).

Affirmed in part, vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION